RECEIVED
IN MONROE, LA
OCT 3 1 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| EDDIE BRUMFIELD | CIVIL ACTION NO. 08-0733 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WARDEN CUP | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Report and Recommendation [Doc. No. 5] filed by Magistrate Judge Karen L. Hayes. Magistrate Judge Hayes recommends dismissing Plaintiff Eddie Brumfield's ("Brumfield") civil rights complaint against Defendant Warden Cup because more than 30 days has elapsed since the Court ordered Brumfield to amend his complaint. [Doc. No. 4]. After the Report and Recommendation was filed, Brumfield filed an Amended Complaint. [Doc. No. 6].

In his Amended Complaint, Brumfield alleges that he was exposed to contaminated food at the Richland Parish Detention Center on May 3, 2008. Brumfield alleges that

> [T]he policies and procedures used in preparing food in the kitchen. . . . [include t]he reuse of throwaway spoons and the preparing of chicken the day before it is served and sitting out in the open until it is served the next day. . . . [, c]ausing contamination of the chicken and germ build up on the spoons. This is a continuous and regular practice. . . . The Warden should have foreseen that these policies would eventually cause sickness.

[Doc. No. 6, pp. 1–2]. Brumfield alleges that, after eating dinner, he became very ill and was hospitalized for five days. He requests $1.2 million in damages.

Although Brumfield failed to timely respond to the Court's order that he amend his complaint, the Court finds that dismissal with prejudice is not warranted now that he has complied. The Court, therefore, DECLINES TO ADOPT the Report and Recommendation.

The Court will now proceed to evaluate Brumfield's claim against Warden Cup. When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the Court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A; 1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, the Court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Brumfield's claim arises under the Eight Amendment. *See Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004) ("The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."); *see also Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (The Eighth Amendment requires that the conditions of an inmate's

confinement are humane and that inmates receive adequate food, shelter, clothing and medical care.). In addition to demonstrating that food contamination is sufficiently serious, Brumfield must also show that Warden Cup acted with deliberate indifference in exposing him to contaminated food. *See Herman*, 238 F.3d at 664; *see also Farmer v. Brennan*, 511 U.S. 825, 840–41 (1994).

Brumfield was afforded the opportunity to amend his pleading and specifically informed of the pleading requirements for stating an Eighth Amendment claim. [Doc. No. 4, p. 3]. However, he failed to allege that Warden Cup was deliberately indifferent to the risk of food contamination; in fact, the wording of his Amended Complaint implies that Warden Cup was negligent. "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 459 (5th Cir. 2001). The Court, therefore, finds that his claim is frivolous because it fails to state a claim for which relief might be granted.

Accordingly, Plaintiff Eddie Brumfield's civil rights complaint is DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

MONROE, LOUISIANA, this 31 day of October, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE